UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANETA LENNARTSON and TOP LAW, PLLC, | Case No. 21-CV-0013 (PJS) |
| Appellants, | |
| v. | ORDER |
| BRIAN J. CRISTOFONO, | |
| Appellee. | |

Jeremy J. Cobb, COBB CHAUCER PLLC, for appellants.

Nathan M. Hansen for appellee.

Appellants Aneta Lennartson and Top Law, PLLC, filed this bankruptcy appeal on January 4, 2021. ECF No. 1. Rule 8018(a)(1) of the Federal Rules of Bankruptcy Procedure provides that the appellant in a bankruptcy appeal "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." On January 21, 2021, the Clerk of the U.S. Bankruptcy Court docketed "notice that the record for this appeal is available electronically." ECF No. 4. As a result, appellants' opening brief was due within 30 days—i.e., by February 22, 2021. *See* Fed. R. Bankr. P. 8018(a)(1); Fed. R. Bankr. P. 9006(a)(1). Appellants never filed a brief. Accordingly, on March 24, 2021, the Court issued an order to show cause

why this appeal should not be dismissed pursuant to Fed. R. Bankr. P. 8018(a)(4).  ECF No. 11.

In the response to the order to show cause, appellants' counsel contends that he was unaware of the due date for his brief despite "diligent efforts to ascertain it" and blames Court staff and others for failing to tell him when his brief was due.  ECF No. 12 at 1.  Unfortunately, this response is of a piece with counsel's interactions with court staff, in which counsel has repeatedly insisted that court staff give him legal advice and has on more than one occasion hung up on court staff when they declined to do so.  It is also of a piece with counsel's behavior before the Bankruptcy Court, which ordered him to issue a letter of apology to counsel for the debtor and to participate in three hours of continuing legal education "on the topic(s) of professionalism and/or civility among the Bar."  ECF No. 1-7 at 2.

It is difficult to understand why counsel had difficulty identifying when his brief was due.  Rule 8018(a)(1) is crystal clear:  The appellants' brief is due "within 30 days after the docketing of notice that the record . . . is available electronically."  The January 21 docket entry was also crystal clear:  The Clerk gave "notice that the record . . . is available electronically."  That notice was not buried among hundreds of docket entries; it was the fourth entry on the docket, and counsel would have received an email notification at the time that that notice had been docketed.  A minimal level of diligence

would have sufficed for counsel to determine the due date of appellants' initial brief.[1]

Setting that aside, the fifth entry on the docket—entered on the same day as the Clerk's notice that the record was available electronically—gave notice that oral argument had been set for April 26. Given that Rule 8018(a) contemplates a briefing schedule spanning well over two months, it should have been obvious to counsel that the initial brief was due long before late March.

In a bankruptcy appeal, a district court has the discretion to extend a deadline that has already passed "where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). Whether a party has shown "excusable neglect" is an equitable determination that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These factors include the danger of prejudice to the nonmoving party; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the moving party; and whether the moving party acted in good faith. *Id.*

Considering these factors, the Court cannot characterize appellants' failure to file a timely brief as "excusable neglect." It is entirely attributable to their counsel's failure

---

[1]Counsel states that he tested positive for coronavirus in late January. ECF No. 12 at 2. Counsel does not contend that he became symptomatic or that his illness prevented him from timely filing a brief. To the contrary, counsel lists numerous phone calls and other activities that he undertook during this time.

to review the docket and apply the plain language of Rule 8018(a)(1).  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 396 (noting that clients are held accountable for the actions and omissions of their attorneys).  Rather than acknowledge his responsibility, counsel blames others for refusing to do his job for him.  And even after it should have become obvious to counsel that his brief was late, he did not seek an extension of time.  Only after court staff began the process of reviewing the April schedule for the purpose of undertaking the technical tasks necessary to set up remote hearings—a necessity during this pandemic—did the Court discover that no brief had been filed in this case.  As a result, due both to the length of the briefing schedule in Rule 8018(a)(1) and the state of the Court's calendar, granting appellants' request for an extension at this point would delay the resolution of this appeal for many months.

   The Court has also concluded that no lesser sanction than dismissal will suffice.  While it may be true that counsel was subjectively unaware of the deadline, there is simply no excuse for his failure to read and apply the plain language of Rule 8018(a)(1) to the plain text of the docket entry.  Under these circumstances, it would be inequitable to subject the appellee to a lengthy delay in the resolution of this appeal.  The Court therefore dismisses this appeal pursuant to Fed. R. Bankr. P. 8018(a)(4).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT appellants' request for an extension of time is DENIED and this appeal is DISMISSED pursuant to Fed. R. Bankr. P. 8018(a)(4).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 30, 2021                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge